# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

DOROTHY A. HEMPHILL,

    Plaintiff,

vs.

CITY OF MILWAUKEE, a municipal corporation, CRAIG ELLIS, in his official and individual capacities, and JANE ROE, in her official and individual capacities,

    Defendants.

Civil Action No. 2:11-cv-00743-JPS

**JURY TRIAL DEMANDED**

___

# FIRST AMENDED COMPLAINT
___

COMES NOW Dorothy A. Hemphill, by and through her undersigned attorneys, and for her First Amended Complaint ("Complaint") against the City of Milwaukee, Craig Ellis, in his official capacity as an officer of the Milwaukee Police Department and employee of the City of Milwaukee and in his individual capacity, and Jane Roe, in her official capacity as an officer of the Milwaukee Police Department and an employee of the City of Milwaukee and in her individual capacity (collectively, "Defendants"), respectfully states as follows:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly, the Fourth, Sixth, and Fourteenth Amendments to the Constitution, and under the laws of the United States, particularly, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 1367.

1294562

3. Venue lies in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because it is where the events giving rise to the claims described below occurred and because, on information and belief, the Defendants reside in or can be found within this District.

**THE PARTIES**

4. Plaintiff, Dorothy A. Hemphill (hereinafter, "Hemphill") is a citizen of the United States and a resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin.

5. On information and belief, Defendant the City of Milwaukee is a municipal corporation which is incorporated under the laws of the State of Wisconsin and which employs Milwaukee Police Officers. On information and belief, the Milwaukee Police Department is a subdivision of the Defendant City of Milwaukee and also employs Milwaukee Police Officers.

6. On information and belief, Defendant Craig Ellis (hereinafter, "Ellis"), is and was at all relevant times a police officer employed by the City of Milwaukee and the Milwaukee Police Department. On information and belief, Ellis is a resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin. Ellis is sued in both his individual and official capacities.

7. On information and belief, Defendant Jane Roe (hereinafter, "Roe"), is and was at all relevant times a police officer employed by the City of Milwaukee and the Milwaukee Police Department. On information and belief, Roe is a resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin. Roe is sued in both her individual and official capacities. Plaintiff is currently unaware of Defendant Roe's identify. Through the course of discovery in this matter, Plaintiff intends to identify Defendant Roe's identify and amend this Complaint.

8. At all times relevant to the allegations in this Complaint and in all the actions of the Defendants alleged below, Defendants Ellis and Roe were acting under color of law and

pursuant to their authorities as police officers employed by the City of Milwaukee and the Milwaukee Police Department and in their official capacities as alleged above.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Ms. Hemphill is in her early-seventies and in declining health. She and her husband live in a modest residence located at 5539 North 26th Street, Milwaukee, Wisconsin.

10. In February 2011, Ms. Hemphill's brother, Grady Tartt, appointed Ms. Hemphill his agent for finances and property through the execution of a power of attorney. Soon after Mr. Tartt gave Ms. Hemphill power of his finances, he gifted Ms. Hemphill certain assets. He also pre-paid for his funeral, burial, and re-pas celebration expenses.

11. Grady Tartt passed away on April 2, 2011. After Mr. Tartt passed away, his daughter, Patrice Tartt, instituted a civil action against Ms. Hemphill, claiming that Ms. Hemphill, by acting according to Mr. Tartt's wishes, deprived Patrice Tartt of some of her inheritance. Ms. Tartt's lawsuit is styled *Tartt v. Hemphill*, Case No. 11-cv-6245, and is currently pending in the Circuit Court for the County of Milwaukee, State of Wisconsin (hereinafter, "State Court Lawsuit"). Ms. Tartt has recently amended her complaint in the State Court Lawsuit to add Ms. Hemphill's sister, Sabrena Mayhan, as an additional defendant.

12. On information and belief, this civil dispute caused or otherwise led to a criminal investigation by Detective Ellis and/or Jane Roe.

## COUNT I – 42 U.S.C. § 1983
### (Defendants Ellis And Roe)

13. For this Paragraph 13, Hemphill pleads, alleges, and incorporates by reference Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. On or about July 27, 2011, Detective Ellis telephoned Ms. Hemphill and requested that she report to the City of Milwaukee Police Department to be interrogated

regarding issues related to the disposition of Mr. Tartt's assets. Without contacting her attorney first, Ms. Hemphill agreed to report to the Police Department on July 28, 2011. Ms. Hemphill's attorney was out of the country and unavailable and advised Ms. Hemphill not to speak to the police without having her attorney present.

15. At approximately 8:00 a.m. on the morning of July 29, 2011, Detectives Ellis and Roe arrived at Ms. Hemphill's house and ordered her to come to the police station for questioning. Detectives Ellis and Roe did not have a warrant to search Ms. Hemphill's home and did not have a warrant for Ms. Hemphill's arrest. Further, Detectives Roe and Ellis did not have probable cause to suspect that Ms. Hemphill committed a crime or probable cause to arrest Ms. Hemphill for any crime.

16. Ms. Hemphill informed Detectives Ellis and Roe that she had an attorney and that she did not want to speak with the police without her attorney present. She further informed Ellis and Roe that her attorney was out of the country but that, as soon as he returned, she would be willing to speak with the police.

17. Unhappy with these answers, Ellis and Roe came into Ms. Hemphill's residence without her consent and demanded that she come with them to the police station. When she refused, Ellis and Roe arrested Ms. Hemphill, put her in handcuffs, and began escorting Ms. Hemphill to their car.

18. As Detectives Ellis and Roe were forcing Ms. Hemphill to their car, Ms. Hemphill asked the detectives if she could call her attorney, or, at the very least, her husband, so that she could notify her family that she had been arrested and was being forced, against her will, to the police station. Ellis and Roe refused Ms. Hemphill's request.

19. During the course of Ms. Hemphill's arrest, she also identified for Detectives Ellis

and Roe a folder containing legal and other documents relevant to the State Court Lawsuit. She told them that she would need these documents if she was going to be forced to answer questions regarding the manner in which she exercised the power of attorney her deceased brother gave her. Defectives Ellis and Roe confiscated the folder.

20. Ms. Hemphill also informed Detectives Ellis and Roe that she needed to take her medication, use the restroom, and don appropriate clothes before going to the police station. Ellis and Roe refused these requests, forced Ms. Hemphill into their car, and took her to the police station.

21. Ms. Hemphill and Detectives Ellis and Roe arrived at a Milwaukee police station at approximately 8:30 a.m. on July 29, 2011. Despite the fact that Ms. Hemphill repeatedly informed Detectives Ellis and Roe that she did not want to speak with them without her lawyer present, Detectives Ellis and Roe proceeded to question Ms. Hemphill for the next seven hours. At approximately 3:30 p.m., Detectives Ellis and Roe finally allowed Ms. Hemphill to call her husband so that he could give her a ride home.

22. Ms. Hemphill asked the detectives to return the file they confiscated from her at her home, but they refused to do so.

23. During the above-mentioned period of imprisonment, Ms. Hemphill was subjected to interrogations respecting various crimes.

24. Throughout the above-mentioned period of detention, Ms. Hemphill was not at any time take before a judge, court, magistrate, although the Circuit Court of Milwaukee County was in session in Milwaukee during some or all of the period. These courts have jurisdiction to grant leave to police officers to file criminal and quasi-criminal complaints against arrested persons.

25. At no time was Ms. Hemphill permitted to make bail, post bond, or be released on her own recognizance, although the courts mentioned in the previous paragraph of this Complaint were in session during some or all of the period of Ms. Hemphill's detention and have jurisdiction to admit arrested persons to bail.

26. At no time during the above-mentioned period of detention was Ms. Hemphill permitted to contact her family, friends, or attorney to inform them of her whereabouts or obtain the assistance of counsel, despite the fact that Ms. Hemphill repeatedly asked Detectives Ellis and Roe to call her family or her attorney.

27. At no time during the above-mentioned period of detention was Ms. Hemphill charged with any crime, but at the end of that period, Ms. Hemphill was released without any charge being made, and no charge has subsequently been made.

28. Detectives Ellis and Roe did not, at the time of the above-mentioned search or at any time during the subsequent detention of Ms. Hemphill, have in their possession any warrant issued by any judge, court, or magistrate authorizing a search of Ms. Hemphill's home or the arrest of Ms. Hemphill, nor, on information and belief, had any warrant in fact been issued by any court, judge, or magistrate for such search and arrest.

29. Detectives Ellis and Roe, individually and in concert with others, acted under pretense and color of law and their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.

30. Detectives Ellis and Roe acted willfully, knowingly and with specific intent to deprive Ms. Hemphill of her right to be free from illegal searches and seizures of her person, papers, and effects, and of her rights of freedom from unlawful arrest, detention, and imprisonment, all of which rights are secured to Ms. Hemphill by the Fourth, Sixth, and

Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C. §§ 1983 and 1988.

31. Pursuant to 42 U.S.C. § 1988 Ms. Hemphill is entitled to a reasonable allowance for attorneys fees as part of her costs.

WHEREFORE, Plaintiff, Dorothy M. Hemphill, prays for the following relief on Count I

   a. That the Court enter judgment against Detectives Ellis and Roe and in favor of Ms. Hemphill in an amount to be proven at trial that will fairly and justly compensate Ms. Hemphill for the damages caused by their conduct;

   b. That the Court award Ms. Hemphill punitive damages in an amount sufficient to punish Detectives Ellis and Roe and to deter future illegal and unconstitutional conduct;

   c. That the Court award Ms. Hemphill her costs, including reasonable attorneys' fees, and

   d. That the Court grant such other and further relief as may be proper under the circumstances.

### COUNT II – REPLEVIN
### (All Defendants)

32. For this Paragraph 32, Hemphill pleads, alleges, and incorporates by reference Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. In the course of the above-described search of Ms. Hemphill's home, Detectives Ellis and Roe unlawfully and without cause took possession of Ms. Hemphill's legal papers related to the State Civil Lawsuit.

34. Detectives Ellis and Roe obtained Ms. Hemphill's legal papers by virtue of their

illegal, unwarranted, and unconstitutional entry into Ms. Hemphill's home and their subsequent illegal, unwarranted, and unconstitutional arrest and seizure of Ms. Hemphill's person. Detectives Ellis and Roe, the City of Milwaukee, the Milwaukee Police Department did not and do not have any right, title, or other lawful basis to seize and retain Ms. Hemphill's legal papers.

35. Ms. Hemphill owns these papers and has legal title and legal right to the same.

36. Ms. Hemphill is entitled to immediate possession of her legal papers.

37. Ms. Hemphill has made demand upon Detectives Ellis and Roe for the return of her legal papers and Detectives Ellis and Roe have refused her demand. At the present time, Ms. Hemphill's legal papers remain in Defendants' possession.

WHEREFORE, Plaintiff, Dorothy M. Hemphill, prays for the following relief on Count II

    a. That the Court order Defendants to return Ms. Hemphill's legal papers to her immediately;

    b. That the Court enter judgment against Defendants and in favor of Ms. Hemphill in an amount to be proven at trial that will fairly and justly compensate Ms. Hemphill for the damages caused by Defendants' conduct;

    c. That the Court grant such other and further relief as may be proper under the circumstances.

## **COUNT III – CONVERSION**
**(All Defendants)**

38. For this Paragraph 38, Hemphill pleads, alleges, and incorporates by reference Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. In the course of the above-described search of Ms. Hemphill's home, Detectives

Ellis and Roe unlawfully and without cause took possession of Ms. Hemphill's legal papers related to the State Civil Lawsuit.

40. Detectives Ellis and Roe obtained Ms. Hemphill's legal papers by virtue of their illegal, unwarranted, and unconstitutional entry into Ms. Hemphill's home and their subsequent illegal, unwarranted, and unconstitutional arrest and seizure of Ms. Hemphill's person. Detectives Ellis and Roe, the City of Milwaukee, the Milwaukee Police Department did not and do not have any right, title, or other lawful basis to seize and retain Ms. Hemphill's legal papers.

41. Ms. Hemphill owns these papers and has legal title and legal right to the same.

42. Ms. Hemphill is entitled to immediate possession of her legal papers.

43. Ms. Hemphill has made demand upon Detectives Ellis and Roe for the return of her legal papers and Detectives Ellis and Roe have refused her demand. At the present time, Ms. Hemphill's legal papers remain in Defendants' possession.

WHEREFORE, Plaintiff, Dorothy M. Hemphill, prays for the following relief on Count III

    a. That the Court order Defendants to return Ms. Hemphill's legal papers to her immediately;

    b. That the Court enter judgment against Defendants and in favor of Ms. Hemphill in an amount to be proven at trial that will fairly and justly compensate Ms. Hemphill for the damages caused by Defendants' conduct;

    c. That the Court grant such other and further relief as may be proper under the circumstances..

### COUNT IV – FALSE IMPRISONMENT
**(All Defendants)**

44. For this Paragraph 44, Hemphill pleads, alleges, and incorporates by reference Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendants unlawfully handcuffed, arrested, and interrogated Ms. Hemphill without a search warrant, arrest warrant, or probable cause to do so.

46. Defendants unlawfully took Ms. Hemphill to the police station against her will and questioned her for approximately seven hours without her consent and without legal right.

47. Ms. Hemphill demanded that she be released from custody, and Defendants refused her demand.

48. Ms. Hemphill's civil rights were violated by her unlawful confinement and she was otherwise harmed by her unlawful confinement.

WHEREFORE, Plaintiff, Dorothy M. Hemphill, prays for the following relief on Count V:

   a. That the Court enter judgment against Defendants and in favor of Ms. Hemphill in an amount to be proven at trial that will fairly and justly compensate Ms. Hemphill for the damages caused by Defendants' conduct;

   b. That the Court award Ms. Hemphill punitive damages in an amount sufficient to punish Defendants and to deter future illegal and unconstitutional conduct;

   c. That the Court award Ms. Hemphill her costs, and

   d. That the Court grant such other and further relief as may be proper under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON EACH OF HER CLAIMS SO TRIABLE**

Date: August 24, 2011

Respectfully submitted,

By: /s/ Kevin B. Duckworth
Kevin B. Duckworth
Clark W. Hedger
GREENSFELDER, HEMKER
& GALE, P.C.
200 West Madison St., Ste. 2700
Chicago, IL 60606
(312) 419-9090
(312) 419-1930 (fax)
kbd@greensfelder.com
ch1@greensfelder.com

*Attorneys for Plaintiff Dorothy A. Hemphill*