UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOROTHY A. HEMPHILL,

        Plaintiff,

v.                                  Case No. 11-C-00743

CITY OF MILWAUKEE,
CRAIG ELLIS AND JANE ROE,

        Defendants.

## PROPOSED RULE 26 DISCOVERY PLAN OF DEFENDANTS
## CITY OF MILWAUKEE AND CRAIG ELLIS

In anticipation of the upcoming October 7, 2011 scheduling conference, defendants City of Milwaukee and Craig Ellis, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Susan E. Lappen, respectfully submit the following proposed Rule 26 Discovery Plan:

**A. What changes should be made in the timing, form, or requirement for disclosures under Fed.R.Civ.P. 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

Initial disclosures have yet to be made by either party. The defendants request that the court set December 1, 2011 as the deadline for the exchange of initial disclosures, joinder of any other parties, or any amendment to the pleadings. The defendants request that the court determine deadlines for the disclosure of expert witnesses, in accordance

with Fed.R.Civ.P. 26(a)(2) as follows: (1) plaintiff's experts disclosed by January 1, 2012; and (2) defendants' experts disclosed by March 1, 2012.

> **B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

At this time the defendants see no reason to request that the court impose limits on the subjects on which discovery may be undertaken, other than to limit discovery to the claims and circumstances presented by the instant case. Defendants request that discovery be concluded by June 1, 2012.

> **C. Any issues about disclosure or discovery of electronically-stored information, including the form or forms in which it should be produced.**

The defendants do not anticipate the disclosure or discovery of electronically-stored information, but nonetheless propose that electronically-stored information be produced in its native format, as used in the usual course of business.

> **D. Any issues about claim of privilege or of protection as trial-preparation materials, including – if the parties agrees on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The defendants do not anticipate any issues relating to privilege at this time. However, the defendants note that Ms. Hemphill is the subject of a pending criminal investigation, which is being conducted by members of the Milwaukee Police Department, including Detective Craig Ellis. Should the plaintiff seek documents related to that pending criminal investigation, then defendants may seek the assistance of the court in resolving any related discovery objections.

2

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

Aside from any issues which might stem from the pendency of the criminal investigation described in the defendants' response to item D, above, the defendants do not anticipate any other limitations on discovery.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The defendants request that the Court enter a July 1, 2012 dispositive motion deadline.

Dated and signed at Milwaukee, Wisconsin this 4th day of October, 2011.

GRANT F. LANGLEY
City Attorney

s/ SUSAN E. LAPPEN
Assistant City Attorney
State Bar No. 01003567
Attorneys for Defendant
Milwaukee Police Department

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Fax: (414) 286-8550
E-Mail: slappe@milwaukee.gov

1032-2011-2157:174249